IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

FILED
John E. Triplett, Acting Clerk
United States District Court

*By STaylor at 1:16 pm, May 11, 2020*

| | |
|---|---|
| JERMAINE PERKINSON, | |
| Plaintiff, | CIVIL ACTION NO.: 6:19-cv-19 |
| v. | |
| SGT HEATHER FLOWERS; CO II KAYLA LANIER; and CALLAHAN, | |
| Defendants. | |

**ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on Plaintiff's failure to comply with the Court's April 10, 2020 Order, doc. 16, and Defendant Flowers' pending Motion to Dismiss and Motion to Stay Discovery, docs. 14, 15.  For the following reasons, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's action and **DENY as moot** Defendant Flowers' Motion to Dismiss and Motion to Stay Discovery, docs. 14, 15.  I further **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Plaintiff leave to appeal *in forma pauperis*.

## BACKGROUND

Plaintiff, proceeding *in forma pauperis*, filed this action alleging a series of constitutional violations against prison officials at Georgia State Prison.  Docs. 1, 4, 5.  The Court, after conducting the requisite frivolity review, permitted Plaintiff to proceed with his claims of deliberate indifference to his medical needs against Defendants Flowers, Lanier, and Callahan. Docs. 9, 10.

Defendant Flowers filed a Motion to Dismiss on April 8, 2020 under Federal Rule of Civil Procedure 12(b), alleging Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit.  Docs. 14, 14-1.  This Court, thereafter, issued an Order on April 10, 2020 requiring "Plaintiff to file a response either opposing or indicating his lack of opposition to Defendant's Motion to Dismiss within 14 days . . . ."  Doc. 16 (emphasis omitted).  The Court further stated, "If Plaintiff fails to file a timely response, the Court will presume Plaintiff does not oppose the Motion and may dismiss individual claims or the entire action."  Id. (citing Local R. 7.5 ("Failure to respond . . . shall indicate that there is no opposition to a motion.") (emphasis omitted)).  Over 25 days have passed since the Court's April 10, 2020 Order, and Plaintiff has failed to respond to Defendant's Motion to Dismiss.

## DISCUSSION

The Court must now determine how to address Plaintiff's failure to comply with this Court's April 10, 2020 Order.

**I.      Dismissal for Failure to Prosecute and Follow This Court's Order**

A district court may dismiss a plaintiff's claims for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) ("Rule 41(b)") and the court's inherent authority to manage its docket.  Link v. Wabash R.R. Co., 370 U.S. 626 (1962); Coleman v. St. Lucie Cty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)).  In particular, Rule 41(b) allows for the involuntary dismissal of a plaintiff's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order.  Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir.

2

1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] [w]illful disobedience or neglect of any order of the Court."). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

Dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires that a court "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice." Thomas v. Montgomery Cty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366). In contrast, dismissal *without* prejudice for failure to prosecute is not an adjudication on the merits, and, therefore, courts are afforded greater discretion in dismissing claims in this manner. Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802–03.

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted. See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute, where plaintiff did not respond to court order to supply defendant's current address for purpose of service); Brown, 205 F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute, where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal).

Plaintiff has failed to diligently prosecute his claims, as he has failed to respond to Defendant Flowers' Motion to Dismiss despite being ordered to respond within 14 days. Doc. 16. Additionally, Plaintiff has not responded to Defendant Flowers' Motion to Stay Discovery, doc. 15, nor has he made any other filings in this matter in the past year. For these reasons, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's action and **DENY as moot** Defendant Flowers' Motion to Dismiss and Motion to Stay Discovery, docs. 14, 15.[1] I further **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

## II.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has not yet filed a notice of appeal, it is appropriate to address this issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (providing trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v.

---

[1] As stated in this Court's April 10, 2020 Order, doc. 16, the failure of Plaintiff to file a response to Defendant Flowers' Motion to Dismiss indicates the Motion is unopposed. See Local R. 7.5 ("Failure to respond within the applicable time period shall indicate that there is no opposition to a motion."). However, this Court will refrain from addressing the substance of Defendant's Motion to Dismiss at this time, as Plaintiff's failure to comply with the Court's Order gives this Court a separate ground to recommend dismissal.

Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's failure to follow this Court's directive, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the above-stated reasons, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's action and **DENY as moot** Defendant Flowers' Motion to Dismiss and Motion to Stay Discovery, docs. 14, 15.  I further **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Plaintiff leave to appeal in forma pauperis.

Any party seeking to object to this Report and Recommendation shall file specific written objections within 14 days of the date on which this Report and Recommendation is entered.  See 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2).  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.  The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.  Furthermore, it is not necessary for a party to repeat legal arguments in objections.  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; see Symonette v.

V.A. Leasing Corp., 648 F. App'x 787, 790 (11th Cir. 2016); Mitchell v. United States, 612 F. App'x 542, 545 (11th Cir. 2015).

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.  The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the parties.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 11th day of May, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA